IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:15CR00003 |
| v. | OPINION |
| BILL EDGAR MORRISON, | By: James P. Jones |
| Defendant. | United States District Judge |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia for United States; Charles L. Bledsoe, Bledsoe Law Office, P.C., Big Stone Gap, Virginia, for Defendant.*

Bill Edgar Morrison, previously sentenced by this court following a conviction for illegally possessing a firearm, has filed a motion under 28 U.S.C. § 2255. He contends that his enhanced sentence under provisions of the Armed Career Criminal Act ("ACCA") and in light of the recent Supreme Court decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), is invalid. For the reasons that follow, I will deny the motion.

I.

Morrison was charged in a two-count Indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) ("Count One"), and possessing and disposing of a stolen firearm, in violation of 18 U.S.C. § 2 and 922(j) ("Count Two"). On April 16, 2015, he pleaded guilty, pursuant to a written Plea Agreement, to Count One. As part of the Plea Agreement, Morrison

agreed that he had at least three prior convictions for serious drug offenses and/or violent felonies, such that he faced an enhanced sentence as an armed career criminal under the ACCA. Plea Agreement 1-2, ECF No. 23. The Plea Agreement noted the prior convictions that supported Morrison's status as an armed career criminal.

Prior to his sentencing, a probation officer prepared a Presentence Investigation Report ("PSR") recommending a total offense level of 30 and a criminal history category of IV, resulting in an advisory guideline range of 135 to 168 months' incarceration. PSR ¶ 65, ECF No. 34. However, because, under the ACCA, Morrison faced a statutory mandatory minimum of 180 months' incarceration, his guideline range became 180 months, in accordance with United States Sentencing Guidelines Manual ("U.S.S.G.") § 5G1.1(b).

On June 26, 2015, following Morrison's guilty plea but before his sentencing hearing, the Supreme Court decided *Johnson*. On August 10, 2015, I adopted the PSR and sentenced Morrison, under the ACCA, to 180 months' imprisonment, the statutory mandatory minimum sentence. Morrison's counsel noted:

> I'm always somewhat troubled by those plea agreements because as the court can tell from the guideline, from the pre-sentence report the guideline calculation would have been lower had it not been for the application of the ACCA, and while ACCA is the law, it is kind of an unusual law because it will apply to some folks where they, in some states where they received their burglary convictions, and other states

> with perhaps oddly worded burglary statutes those will not be credited. I guess what I'm saying, I am recommending 180 moths, but I find the state of the law in this area troubling.

Sentencing Hr'g Tr. 6, ECF No. 51. However, defense counsel did not object to the PSR. I concluded that 180 months was an appropriate sentence because of Morrison's "nearly life time history of criminal conduct." *Id*. at 8. Morrison did not appeal.

The court appointed the same Federal Public Defender who represented Morrison during his conviction and sentencing to represent him in connection with a possible § 2255 motion. The Federal Public Defender assisted Morrison in filing a pro se § 2255 motion and then filed a motion to withdraw, noting that Morrison had alleged ineffective assistance of counsel. Mot. 1, ECF No. 38. I granted the motion, and appointed new counsel, who filed an amended § 2255 motion contending that Morrison's ACCA sentence was invalid. In response, the government moved to dismiss.

II.

The ACCA provides for an enhanced sentence if a defendant is convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and "has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18

U.S.C. § 924(e)(1). Prior to *Johnson*, the term "violent felony" was defined in the ACCA as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that –
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The first clause is referred to as the "force clause." The first portion of the second clause, which includes the crime of burglary, is known as the "enumerated crime clause." The second portion of that clause ("or otherwise involves conduct that presents a serious potential risk of physical injury to another") is called the "residual clause" and was found to be unconstitutionally vague in *Johnson*.

*Johnson* did not call into question the other portions of the violent felony definition. The ACCA lists burglary as one of the enumerated offenses, however, a defendant's prior conviction can qualify as a "burglary" under the ACCA only if it was a conviction for "generic burglary." In 1990, the Supreme Court concluded that "regardless of technical definitions and labels under state law," Congress "had in mind a modern 'generic' view of burglary" when it enacted the ACCA. *Taylor v. United States*, 495 U.S. 575, 589, 590 (1990). The Court went on to define

generic burglary as "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Id.* at 598.

The government has moved to dismiss Morrison's § 2255 motion, contending that Morrison waived his right to collaterally attack his sentence and that his petition also fails on the merits because he continues to have three prior convictions for violent felonies following *Johnson*. I will review Morrison's petition on the merits, but agree with the government that Morrison's enhanced ACCA sentence is not erroneous.[1]

### III.

Morrison pleaded guilty to six counts of burglary in violation of Tennessee law. The Tennessee Criminal Code has codified many types of burglary crimes, and Morrison was convicted under four different statutes: (1) a conviction in 1988 for first degree burglary, in violation of Tenn. Code Ann. § 39-3-401; (2) two counts of conviction in 1989 for third degree burglary, in violation of Tenn. Code Ann. § 39-3-404; (3 ) two counts of conviction in 1996 for aggravated burglary, in

---

[1] The government asserts that Morrison has waived his right to bring a *Johnson* claim in a § 2255 petition because he did not bring a claim for ineffective assistance of counsel and waived his right to collaterally attack his sentence in his Plea Agreement. Resp. Br. 8-9, ECF No. 58. I conclude that Morrison did raise an ineffective assistance of counsel claim in his initial § 2255 petition and that a review on the merits is appropriate, notwithstanding the waiver provision, as Morrison entered the Plea Agreement prior to the *Johnson* decision.

violation of Tenn. Code Ann. § 39-3-403; and (4) a conviction in 1996 for burglary.[2]

Morrison's armed career criminal designation is not erroneous because at least three of his Tennessee burglary convictions were generic burglary crimes. As such, they qualify as "burglary" convictions under the enumerated crimes clause of the ACCA.

Morrison pleaded guilty to first degree burglary in 1988. At the time of his conviction, the statute read:

> Burglary is the breaking and entering into a dwelling house, or any other house, building, room or rooms therein used and occupied by any person or persons as a dwelling place or lodging either permanently or temporarily and whether as owner, renter, tenant, lessee or paying guest, by night, with intent to commit a felony.

Tenn. Code Ann. § 39-3-401(a) (1982 Repl. Vol.). The Tennessee first-degree burglary statute from 1988 conforms to the generic definition of burglary — it required the breaking and entering of a building with the intent to commit a felony. *Taylor*, 495 U.S. at 598. Because the statute circumscribed illegal entry only into dwellings or buildings, it was "at least as narrow as the *Taylor* court's definition of generic burglary." *United States v. Jones*, 673 F.3d 497, 505 (6th Cir. 2012)

---

[2] The state indictment does not list the statute under which Morrison pleaded guilty and instead merely refers to a conviction for "burglary." While it is likely that he was convicted of a violation of Tenn. Code Ann. § 39-3-402, it is unnecessary to make that determination because even without the 1996 burglary conviction, Morrison has three prior violent felony convictions sufficient to support his armed career criminal designation.

(concluding that the pre-1989 Tennessee second-degree burglary statute, which is identically worded to first-degree burglary except that the crime must occur during the day, conformed to the definition of generic burglary). Accordingly, Morrison's first-degree burglary conviction categorically qualifies as a violent felony under the ACCA and was properly used as a predicate offense to support an increased sentence.

Morrison also was convicted of two counts of third-degree burglary in March of 1989. At the time of those convictions, the statute read:

> Burglary in the third degree is the breaking and entering into a business house, outhouse, or any other house of another, other than a dwelling house, with the intent to commit a felony.

Tenn. Code Ann. § 39-3-404(a)(1) (1982 Repl. Vol.). Section 404 of the Tennessee burglary statute also criminalized, in a separate subdivision, the breaking into vaults and safes. *Id*. § 39-3-404(b)(1). The statute, as a whole, criminalized conduct that is broader than generic burglary because it included the additional crime of safecracking. *See United States v. Caruthers*, 458 F.3d 459, 475-76 (6th Cir. 2006) (concluding that the Tennessee third-degree burglary statute was non-generic because it included unlawful entry into "any vault, safe, or other secure place," and so went beyond entry into a building or structure). However, the statute is divisible, that is, it "list[s] elements in the alternative, and thereby define[s] multiple crimes." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016).

The Tennessee statute set forth generic burglary in subpart 404(a)(1) and provided for the punishment for that crime in subsections 404(a)(2)-(4). Tenn. Code Ann. § 39-3-404(a). The statute criminalized safecracking in subpart 404(b)(1) and provided for the punishment for that crime in subsection 404(b)(1)-(2). *Id*. § 39-3-404(b). The statute clearly separated the crimes into distinct subparts and provided for different punishments; therefore, "the statute, on its face" established that it is divisible. *Mathis,* 136 S. Ct. at 2256.

When a statute is divisible, the court must determine which of the enumerated crimes the defendant committed. *Descamps v. United States*, 133 S. Ct. 2276, 2283-84 (2013). The court is authorized to scrutinize a restricted set of materials, including the indictment, plea agreement, and colloquy between judge and defendant to confirm the factual basis for the plea. *Shepard v. United States*, 544 U.S. 13, 26 (2005).

In this case, Morrison's state court Presentment provided that on or about June 4, 1988, he broke into "a storage building, the property of William Dykes, with the felonious intent to commit a felony therein, to-wit: larceny of a lawnmower." Tenn. Ct. Rec. 9, ECF No. 60. In addition, the Presentment noted that on or about June 4, 1988, he broke into "a storage building, the property of Mrs. Claude Ramey, with the felonious intent to commit a felony therein, to-wit: larceny of a lawnmower." *Id*. at 10. This court record establishes that Morrison

The Tennessee statute set forth generic burglary in subpart 404(a)(1) and provided for the punishment for that crime in subsections 404(a)(2)-(4). Tenn. Code Ann. § 39-3-404(a). The statute criminalized safecracking in subpart 404(b)(1) and provided for the punishment for that crime in subsection 404(b)(1)-(2). *Id*. § 39-3-404(b). The statute clearly separated the crimes into distinct subparts and provided for different punishments; therefore, "the statute, on its face" established that it is divisible. *Mathis,* 136 S. Ct. at 2256.

When a statute is divisible, the court must determine which of the enumerated crimes the defendant committed. *Descamps v. United States*, 133 S. Ct. 2276, 2283-84 (2013). The court is authorized to scrutinize a restricted set of materials, including the indictment, plea agreement, and colloquy between judge and defendant to confirm the factual basis for the plea. *Shepard v. United States*, 544 U.S. 13, 26 (2005).

In this case, Morrison's state court Presentment provided that on or about June 4, 1988, he broke into "a storage building, the property of William Dykes, with the felonious intent to commit a felony therein, to-wit: larceny of a lawnmower." Tenn. Ct. Rec. 9, ECF No. 60. In addition, the Presentment noted that on or about June 4, 1988, he broke into "a storage building, the property of Mrs. Claude Ramey, with the felonious intent to commit a felony therein, to-wit: larceny of a lawnmower." *Id*. at 10. This court record establishes that Morrison

unlawfully entered two separate storage buildings, at different locations, with the intent to commit larceny. Therefore, he was convicted of the crime of generic third-degree burglary. *United States v. Taylor*, 800 F.3d 701, 719-20 (6th Cir. 2015) (concluding that the pre-1989 Tennessee statute for third-degree burglary was generic once it was determined that the defendant entered a business or a house).

Because Morrison's prior convictions for first and third-degree burglary qualify as predicate offenses under the enumerated crimes clause even after *Johnson*, his designation as an armed career criminal was not erroneous.[3]

A separate Final Order will be entered forthwith.

DATED: August 7, 2017

/s/ James P. Jones
United States District Judge

---

[3] Morrison has two prior convictions for Tennessee aggravated burglary and a prior conviction for Virginia burglary. The court notes that the Sixth Circuit, en banc, has recently determined that a conviction for Tennessee aggravated burglary does not qualify as a violent felony for ACCA purposes. *United States v. Stitt*, No. 14-6158, 2017 WL 2766326, *7 (6th Cir. June 27, 2017). In addition, the Fourth Circuit has concluded that a Virginia burglary conviction cannot qualify as a violent felony under the ACCA. *Castendet-Lewis v. Sessions*, 855 F.3d 253, 261-64 (4th Cir. 2017); *United States v. Hadsell*, No. 16-4767, 2017 WL 2772133, *1 (4th Cir. June 26, 2017). However, these decisions do not affect the outcome of Morrison's § 2255 petition because his first and third degree burglary convictions continue to qualify as ACCA predicates.