CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

December 19, 2025
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | Case No. 2:15CR00003 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| ) | |
| **BILL EDGAR MORRISON,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*Whitney D. Pierce, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy Dickenson-Vicars, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, Bill Edgar Morrison, has filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). He was appointed counsel, who has filed a Supplemental Motion for Compassionate Release. Morrison claims that changes in the law regarding his Armed Career Criminal designation, as well as several medical issues, warrant his release. The government opposes the motion. For the reasons that follow, Morrison's Motion will be denied.

## I. BACKGROUND.

On April 16, 2015, Morrison pled guilty to possessing a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). Because he had at least three prior convictions for serious drug offenses or violent felonies, Morrison was subjected to

a mandatory minimum sentence of imprisonment of fifteen years under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).

The Presentence Investigation Report provided an advisory guideline range of 135 to 168 months of imprisonment. However, due to the mandatory minimum established by the ACCA, the sentence was adjusted to 180 months. On August 10, 2015, Morrison was sentenced to the mandatory minimum of 180 months of imprisonment.

## II.  STANDARD OF REVIEW.

Section 3582(c)(1) permits a sentencing court to reduce a sentence if "extraordinary and compelling reasons warrant such a reduction," the reduction "is consistent with applicable policy statements issued by the Sentencing Commission," and the applicable factors listed in § 3553(a) weigh in favor of granting compassionate release. 18 U.S.C. § 3582(c)(1)(A); *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022). A reduction in sentence must be consistent with the policy statements of the Sentencing Guidelines. *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024). Even if there are extraordinary and compelling reasons justifying a sentence reduction, the court must still analyze the § 3553(a) sentencing factors and decide whether those factors weigh in favor of granting compassionate release. *Hargrove*, 30 F.4th at 194. A defendant seeking compassionate release has

-2-

the burden of establishing that it is warranted. *United States v. Bryant*, 720 F. Supp. 3d 450 (W.D. Va. 2024).

Further, federal law prohibits convicted felons from possessing firearms. 18 U.S.C. § 922(g). When defendants convicted of a § 922(g) charge have three or more prior convictions for "serious drug offenses" or "violent felonies," they qualify as armed career criminals under the ACCA. Armed career criminals face an increased punishment —— a statutory mandatory minimum of fifteen years imprisonment and a maximum of life. 18 U.S.C. § 924(e)(1).

In *Johnson v. United States*, the Supreme Court invalidated part of the definition of "violent felony" under the ACCA. 576 U.S. 591, 606 (2015). Specifically, it concluded that a clause discussing crimes "otherwise involv[ing] conduct that present[ed] a serious potential risk of physical injury to another," known as the "residual clause," was unconstitutionally vague. *Id.* at 594 (italics omitted). However, *Johnson* did not strike down the other portions of the violent felony definition, including the "force clause," which covers crimes that have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

## III. Discussion.

The reasons Morrison provides for a reduction in his sentence do not meet the standard required for compassionate release.

First, Morrison claims that if he were sentenced today, only two of his prior Tennessee burglary convictions would qualify as predicate offenses under the ACCA, so he would not be considered an armed career criminal. As Morrison notes, changes in the law have altered which Tennessee burglary offenses are predicate offenses for purposes of the ACCA. Specifically, Morrison's first- and third-degree burglary convictions would not be predicate offenses today. *Cradler v. United States*, 891 F. 3d 659 (6th Cir. 2018) (finding that third-degree burglary convictions under Tennessee law are not predicate offenses under the ACCA); *Cartwright v. United States*, 12 F. 4th 572 (6th Cir. 2021) (holding that first-degree burglary convictions under Tennessee law are not predicate offenses under the ACCA). However, under Supreme Court precedent, Morrison's convictions for aggravated burglary under Tennessee law do qualify as predicate offenses. *United States v. Stitt*, 586 U.S. 27, 34 (2018) ("Congress . . . viewed burglary as an inherently dangerous crime because burglary 'creates the possibility of a violent confrontation between the offender and an occupant, caretaker, or some other person who comes to investigate.'" (quoting *Taylor v. United States*, 495 U.S. 575, 588 (1990))).

In addition to Morrison's Tennessee convictions for first-degree burglary, third-degree burglary, and aggravated burglary, he also has an "undescribed" conviction for burglary, which he argues is not a predicate offense because there is insufficient information regarding the statute. Under Morrison's reasoning, if

sentenced today, he would have only two qualifying predicate offenses (two convictions for aggravated burglary), which would place him below the threshold three offenses that trigger a mandatory 15-year sentence under the ACCA.

In contrast, the government contends that Morrison's undescribed burglary conviction does qualify as a predicate offense because he stipulated in his plea agreement to the conviction reference of a section of the Tennessee Code that is categorically a predicate "violent felony" under the ACCA. I agree.

This document cites Tennessee Code § 39-14-402(a)(1) as the relevant statute for the undescribed burglary conviction.[1] The Sixth Circuit has held that convictions under that statute qualify as predicate offenses under the ACCA. *United States v. Ferguson*, 868 F.3d 514, 515 (6th Cir. 2017). Therefore, even under the law today, Morrison has the three predicate offenses to be designated an armed career criminal under the ACCA. Consequently, I do not need to consider the government's argument about the appropriateness of retroactive sentence reductions based on legal changes.

---

[1] "On July 21, 2021, the Tennessee Legislature moved burglary and its enhancements from the offenses against property section of the Tennessee Code to the section governing offenses against the person. 2021 Pub. Acts, c. 545, § 2, eff. July 1, 2021. There were no substantive changes made to the language of the statute." *State v. Emerson,* No. W2024-00968-CCA-R3-CD, 2025 WL 2985714, at *7 n.4 (Tenn. Crim. App. Oct. 23, 2025).

Second, Morrison contends that he is suffering from several medical conditions that justify his release. Specifically, he explains that he has a chronic heart condition, enlarged prostate, high blood pressure, and a pancreatic duct issue. In support, Morrison has submitted his medical records from the BOP. I do not doubt the severity of his conditions. However, the records show that Morrison is receiving extensive care while in prison. His appointment notes suggest thorough evaluations with consistent follow up. Therefore, Morrison has not demonstrated an absence of care for a serious medical condition that would warrant his release.

Finally, I must consider the § 3553(a) factors, which also weigh against Morrison's release. Morrison argues that he is committed to his rehabilitation and no longer poses a threat to the community. He has submitted evidence of his completion of several courses and treatment programs while incarcerated. While I admire Morrison's commitment to improving his situation, rehabilitation alone is not a reason for compassionate release. Morrison's longstanding history of serious, often violent offenses counsels against his release.

IV. CONCLUSION.

Accordingly, it is **ORDERED** that the Motion for Compassionate Release, Dtk. No. 68, and the Supplemental Motion for Compassionate Release, Dtk. No. 76 are DENIED.

ENTER:  December 19, 2025

/s/  JAMES P. JONES
Senior United States District Judge